## CIRCUIT COURT OF RUSSELL COUNTY

Bobby Rasnake

    v.

Sheila Linkous

June 8, 1984

Case No. (Law) 5561

By JUDGE GLYN R. PHILLIPS

The Court is of the opinion that the motion for mistrial and a new trial should be denied for the following reasons:

The mention made of the amount sued for to the jury during voir dire by plaintiffs counsel was not improper. When reference to the amount comes from counsel it does not have the same effect that it would if it had come from the Court. Phillips v. Fulghum, 203 Va. 543 (1962).

> Also it would be illogical, if not absurd, for the jury to be instructed that the amount of their award should not exceed the amount sued for and then not told what that amount is. Id. at 547.

Fulghum stipulates that if counsel for the defendant feels that the rights of his client are being prejudiced by the mention by opposing counsel of

the amount sued for, then he may ask the Court to instruct the jury that the mention of such amount is not evidence in the case and should not be considered in their deliberations regarding the amount of the award. In the present case, the Court instructed the jury that "any statement of counsel for the plaintiff referring to the amount sued for is not evidence in this case; you should not consider it in arriving at the amount of your verdict, if any." Such instruction was within the guidelines advised by the Fulghum Court.

The inquiry made by the jury during deliberation concerning insurance was handled by the Court in a proper manner. The Court, as succinctly as possible, instructed the jury that insurance should be disregarded while the jury was reaching their decision. Had the Court belabored the point it may have had the opposite of the intended effect by magnifying the significance of insurance simply because the Court had taken extra ordinary measures to deny it. Prior to the jury's independent inquiry no mention of insurance had been made at trial. The fact that the jury considered the presence of insurance when they were deliberating as to the amount of the award is beyond the range of factors that the Court can control after the Court has taken precautions to prevent the issue from being raised at trial. In Phillips v. Campbell, 200 Va. 136, 142 (1958), the Virginia Supreme Court recognized the fact that jurors are aware of the reality that insurance coverage by operators of motor vehicles is extensive. Such knowledge cannot operate against a plaintiff and he should not be penalized because a juror knew of, or assumed the presence of insurance when neither the plaintiff nor his counsel were at fault in bringing forth this knowledge. Id. at 142-3.

One is indeed naive who does not know that most jurors are now aware of the fact that defendant in this character of tort action are, in a decided majority of instances, protected, in whole or in part, by public liability insurance and that such jurors

often take that circumstance into consideration to some degree in their deliberations on what damages shall be awarded. Id. at 143.

The Court must be careful to protect the secrecy of the jurors' deliberations. Id. at 140. The jury was properly instructed to disregard insurance. In this case there was nothing beyond this measure that the Court could have done to control the actions of the jury.

For these reasons the motion for a mistrial and a new trial are denied.